UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARGENIS RODRIGUEZ (A No. 244 480 805),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-6248 DC CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the California City ICE Detention Facility (ECF No. 1 at 1) proceeds with petition for a writ of habeas corpus pursuant to 28 U.S.C. § 224 challenging that detention.[1] For the reasons which follow, the court recommends that the petition be GRANTED.

I. Background

Petitioner, 36, is a native and citizen of Venezuela. ECF No. 6-1 at 1. Petitioner entered the United States without authorization near Hildalgo, Texas on April 9, 2024. ECF No. 6-1.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

Petitioner was charged with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), ordered to report for removal proceedings on January 15, 2025, and released into the United States. ECF No. 6-1. The status of petitioner's removal proceedings is not clear.

On July 17, 2026, petitioner was arrested in Salt Lake County, Utah for two counts of misdemeanor assault. ECF No. 6-3 at 5. It appears petitioner was taken into ICE custody that same day upon his release from the Salt Lake County Jail. ECF No. 1 at 5. It does not appear that petitioner was ever provided a hearing as to whether ICE detention is warranted. There is no evidence before the court indicating criminal charges were ever filed against petitioner.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Analysis

As indicated above, prior to ICE arrest, petitioner was released into the United States by ICE premised upon either an explicit or implicit finding that petitioner was not dangerous or a flight risk. While on release petitioner was arrested on one occasion in Utah, there is no evidence he was ever charged with or convicted of a crime. There is no suggestion that petitioner did not otherwise comply with his conditions of release and he is not subject to an order of removal.

Considering these factors, and consistent with H.S. v. Warden, Golden State Annex Detention Facility, 1:25-cv-1924 CKD P, 2026 WL 445312 (E.D. Cal. Feb. 17, 2026); Esteban-

Escalante v. Warden, Mesa Verde ICE Processing Center, 1:26-cv-0096 DC CKD P, 2026 WL 392393 (E.D. Cal. Feb. 12, 2026); Rebolledo v. Chestnut, 1:25-cv-1904 CKD P, 2026 WL 218809 (E.D. Cal. Jan. 28, 2026) and Martinez v. Chestnut, 1:25-cv-1826 TLN CKD P, 2026 WL 121221 (E.D. Cal. Jan. 16, 2026) the court finds petitioner's Fifth Amendment right to due process was violated as a result of respondents' failure to provide petitioner a custody redetermination hearing either before or contemporaneous with ICE detention. The appropriate remedy is release from ICE custody. E.g. Villatora v. Warden, No. 1:26-cv-5411 DC CKD P, 2026 WL 2428059 (E.D. Cal. Aug. 19, 2026).

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Petitioner be ordered RELEASED from ICE custody.
3. The court order the following conditions of release:
    A. Respondents shall return all of petitioner's documents and possessions.
    B. Respondents not impose any additional restrictions on petitioner unless such restrictions are deemed necessary at a future pre-deprivation hearing.
    C. Within three (3) days of an order of release, respondents shall file a notice certifying compliance.
    D. If the government seeks to re-detain petitioner, it must provide no less than seven (7) days of notice to petitioner and provide petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.
    E. These recommendations do not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **SEVEN** after being served with these findings and recommendations, any party may file written objections with

the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within **SEVEN** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 14, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rodr6248.imm.frs